MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

PHILIP A. GUENTERT (CABN 14734)
Deputy Chief, Criminal Division

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5079
    FAX: (408) 535-5066
    philip.guentert@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>SANDHYA RAMIREDDI,<br><br>    Defendant. | No. 14-MJ-71358<br><br>STIPULATION AND [PROPOSED] ORDER RESETTING PRE-INDICTMENT STATUS, AND EXCLUDING TIME, FROM FEBRUARY 13, 2015, TO MARCH 20, 2015 |

The defendant, represented by Varell Fuller, and the government, represented by Philip A. Guentert and Jeffrey B. Schenk, Assistant United States Attorneys, respectfully request that the February 13, 2015 status hearing for SANDHYA RAMIREDDI be rescheduled to March 20, 2015, at 1:30 p.m., and that an order be issued excluding time in which to indict under the Speedy Trial Act from February 13, 2015, to and including March 20, 2015.

The defendants in this case were arrested pursuant to a complaint filed on October 27, 2014. The grand jury has not yet returned an indictment. Counsel for the defendant and the government represent

ORDER EXCLUDING TIME

that they have begun the process of providing and reviewing discovery and discussing potential grand jury charges and dispositions of the case, which is complex and involves a large number of witnesses and documents. The parties request an exclusion of time in which to continue this process.

ORDER

By stipulation of the parties, with the consent of the defendant, and for good cause shown, IT IS HEREBY ORDERED THAT the status hearing in this case be rescheduled from February 11, 2015, to March 20, 2015, at 1:30 p.m.

The Court further finds that failing to exclude the time in which to indict the case from and including February 11, 2015, to and including March 20, 2015, would unreasonably deny the defendant and government continuity of counsel and would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and because the defendant's arrest occurred at a time such that it is unreasonable to expect return and filing of the indictment within the period set forth in 18 U.S.C. § 3161(b) and the facts upon which the grand jury must base its determination are complex.  18 U.S.C. § 3161(h)(7)(B)(iii) and (iv).  The Court further finds that the ends of justice served by excluding this period of time from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in an indictment returned according to the time period set forth in 18 U.S.C. § 3161(b).  IT IS HEREBY ORDERED that the time from and including February 13, 2015 to and including March 20, 2015 shall be excluded from computation under the Speedy Trial Act

DATED: 2/11/2015

HON. PAUL S. GREWAL
United States Magistrate Judge

ORDER EXCLUDING TIME